Peck, J.,
delivered tbe opinion of the court:
Henry J. Hunt, the petitioner, describes himself as a brevet major general and colonel commanding the Fifth Begiment of United States Artillery, and alleges that he was an officer of the volunteer army of the United States from the 1st of March, A. 3>. 1865, to the 22d day of November following, and not above the rank of a brevet brigadier general, and therefore he is entitled to receive commutation pay of fifteen subsistence rations per day for a period of two hundred and sixty-seven days.
That he has been paid commutation at the rate of thirty cents per ration, whereas he should have been paid at the rate of fifty cents per ration, making a difference between actual payment made and the payment that he claims he is entitled by law to receive, of twenty cents per ration on fifteen rations per day, for two hundred and sixty-seven days, making $801 in the aggregate.
That the petitioner was serving in the field during said period of two hundred and sixty-seven days, and was not therefore by law entitled to commutation for fuel and quarters, and was not paid for such.
That the petitioner applied to the Paymaster General for the sum he claims to be due, and it was denied him; that he appealed to the Secretary of War, who rejected his claim, by an erroneous construction of said statute,, as claimed by the petitioner, and, therefore, he petitions this court to award him judgment against the United States for the sum of $801, the sum of short payment under said law.
The petitioner admits he was a brigadier general of volunteers from the 1st day of March, A. D. 1865, to the 22d day of November, 1865, but he denies, as a matter of law and usage, that a brevet brigadier general by ranlc is a grade below brigadier general. He claims that in “rank” the two officers are equal, and it has ever been so-held in military law and usage from the earliest days, both in the British and American armies, upon all questions of.iLranlc” as distinct from the question of pay or command.
And the petitioner further shows that, by virtue of the 19th section of the Act 3d March,11847, it is enacted, “ that the officers and men of the light artillery, when serving as such, and *17 mounted, shall receive the same pay and allowances-as provided hy laxo for the dragoonsP
That, for the period of time hereafter set forth, the petitioner was a captain, and in command of a light artillery company, and a major in the army by brevet rank, and as such major commanded two companies of light artillery, and was paid for such service the pay and allowance of a major of artillery, not mounted, but lie claims he was entitled to be paid the pay and allowances of a major of dragoons or cavalry, being a difference of $10 per month for himself, $2 for his servant, for the period of eighteen months, to wit, in September, 1853, and from April, 1855, to November, 1850, amounting to the sum of $216. He therefore prays this court to render judgment in his favor against the United States for this sum, the difference between the pay.received and pay due him, by a proper construction of the law, being an addition of $12 per month for the period of eighteen months, making the sum of $216-.
To this petition the defendants filed a general demurrer, which admits the truth of all that is well pleaded in the petition. It is proper to state, however, that it was stipulated by both parties that the item of claim set forth in the petition as arising out of the services of the claimant in September, 1853, and from April, 1855, to November, 1856, amounting to the sum of $216, was to be regarded and considered by the court as if a plea of the statute of limitations had been interposed and issue joined thereon.
The court sustains the plea, and holds that the second item of claim is barred by the statute reorganizing this court. (12 Stat. L., p. 765, § 10.)
The claimant insists that the rank of a brigadier general by brevet is neither above nor below the rank of a brigadier-general of volunteers, and that the rank of each is equal before the law.
By Act 3d March, 1863, (12 Stat. L., p. 75S,) the President was authorized, by and with the advice and consent of the Senate, to confer brevet rank upon commissioned-officers of the volunteer and other forces, but upon the express condition that the rank so conferred should not carry with it any increase of pay or emoluments.
So far the question of pay, as connected with brevet, is free from doubt.
*18 Subsequently tbe policy of Congress was changed, and on tlie 3d of March, 1805, by two different statutes, approved on that day, (13 Stat. L., pp. 487 and 495,) it was enacted that officers by brevet should, as such, receive pay. By the statute to be found on page 487, section 9, it was enacted “ that officers by brevet in the regular army should receive the same pay and allowance as brevet officers of the same grade or rank in the volunteer service, and no more,” without question as to grade or rank, however high, provided there should be a brevet officer of corresponding grade or rank holding a commission by brevet in the volunteer service. This would indicate the intention of Congress not to discriminate between the regular and volunteer service unfavorably to the former, by reason of its probable permanency, placing regular and volunteer officers by brevet upon an equality as to pay. The increased compensation allowed by the statute on page 495, section 3, was not to extend beyond the continuance of the war; thus manifesting that there was no purpose of favoring the volunteer officer by giving him support until he should resume business as a civilian. This section is a part of an act making appropriations for the support of the army for the year ending 30th June, 1860, having reference exclusively to pay, and should be favorably considered, increase of pay being its purpose; and it provides “ that from and after the 1st day of March, 18G5, and during the continuance of the present rebellion, the commutation price of officers’ subsistence should be fifty cents per ration ; provided that said increase should not apply to the commutation price of the rations of any officer above the rank of brevst brigadier general, or of any officer entitled to commutation for fuel or quarters.” The fourth section of the same act directs that volunteer officers then in commission, below the rank of brigadier general, who continue in service to the close of the war, should, on being mustered out, receive three months’ extra pay.
The words “ above” in the third section, and “below” in the fourth section, by the construction insisted upon by the defendants, would exclude a brigadier general from any benefit of the laws, and would indicate a marked intention on the part of Congress to disregard the interests of brigadiers of full rank, and to favor thovse who hold, as the defendants insist, a nominal if not uncertain position in the army, the principal purpose of *19 wbicli they would have1 us believe is to recognize a class of officers who have or have not rank, as that fact may serve to prevail against the interests or pay of the brigadier general not by brevet.
The Supreme Court (1 Howard, p. 118) says that brevet rank is promotion; if it is, then it should carry with it whatever dignity or profit was intended should attach to its bestowal, and should not have its consequence belittled nor its purpose defeated from economical motives only.
The words “ above the rank of brevet brigadier general,” when considered with the language used in the ninth section of the act on page 487, (both acts being in pari materia,) which declares that officers by brevet in the regular army shall receive the same pay and allowance as brevet officers of the same grade or rank in the volunteer service, would seem to imply that either grade or ranlc would be sufficient to carry the benefits of the law to the brevet rank; so that these words, if not synonymous or equivalent, would signify different conditions; those conditions need not concur in the same officer.
Suppose a colouel of volunteers, promoted to the rank of major general by brevet, which is a rank above that of “brevet brigadier general,” and assigned to duty according to his brevet rank, should be denied the increased pay allowed by the third section, for the reason that he has been paid for his higher rank as major general, would not this furnish a reasonable construction of that section and give effect to every word of it? If we should adopt the construction contended for by the defendants ; if such brevetted colonel should not be assigned to duty as major general and should seek his increased pay as a colonel, he might be denied the benefit of the law, merely because he held a rank above that of brevet brigadier general. This would look like substituting subtle and ingenious arguments asan equivalent for the just compensation offered by Congress.
Brigadier generals are all, apparently, of the same rank, grade, or class, and it may well be inquired, what rank does an officer in the military service, called a brigadier general, take? Especially as opposed to a brigadier general by brevet, is he abovrn or below, or both above and below, an officer holding that rank? What rank is there known to the law or Army Regulations between that of colonel and major general, other *20 than that of brigadier general ? We do not know of any. What rank does the commission issued to an officer creating him a brigadier general, whether by brevet or otherwise, confer, if not that rank? The defendants, by some mystic knowledge we do not possess, find a rank called a brigadier general’s rank, which may be either above or below that rank, as circumstances may require. This may be a convenient distinction, but it is not very obvious.
The law may, and sometimes does, make distinctions as to duty or pay between brigadiers by brevet and other brigadiers, but so far as we are advised does not make any as to rank, where- rank alone is made the test. The commission is the “guinea’s stamp,” and that fixes the rank, and entitles the holder of it, the law not forbidding, to all its honors and proper perquisites.
If an officer in the regular army, permanently provided for by his commission in that arm of the service, may receive for his brevet any compensation allowed to a volunteer officer who is but temporarily in the service, it is- difficult to understand why a brigadier general of volunteers, not so by brevet, who is in the same category as to length-of service and quite as meritorious as the brevetted officer, should not be equally favored. We do not know any policy or reason for denying such officer, thereby apparently placing him without the pale of favor or reward.
The word “rank,” in the statute under consideration, is the controlling word of the section. Whether it was used to indicate that a brigadier general of volunteers, not by brevet, was above the rank of brigadier general by brevet, or whether it was designed to exclude major generals by brevet, may admit of doubt. The defendants strenuously insist that by a proper interpretation of the section the brigadier of volunteers not by brevet cannot receive the increased compensation, although such-officer was not entitled to commutation for fuel'or quarters.
We are not prepared to accept the. interpretation of the defendants as the correct one. The defendants, if we are in error, can have that error corrected by an appeal, which the law denies to the claimant. Our judgment, therefore, will not defeat justice to the defendants, but might, if given against him, irretrievably injure the claimant.
How many similar claims there may be we are not informed. *21 If there are others, the Supreme Court will establish the true construction of the statute. After that, there will be nothing left to cavil about.
We direct judgment to be entered for the claimant for the sum of $798.